**LAW OFFICES OF ROBERT L. TARVER, JR.**
**66 LAW OFFICES OF ROBERT L. TARVER, JR.**
**66 South Main Street**
**Toms River, New Jersey 08757**
**(732) 341-2152 Telephone**
**(732) 341-2153 Facsimile**
Robert L. Tarver, Jr.
Attorney for Plaintiff
RT (0472)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GERALDINE HARVEY,** | : | Civil Action |
| Plaintiffs, | : | |
| vs. | : | Civil Action No. |
| **FEDERAL AVIATION ADMINISTRATION, MICHELE HOLMES, JAMES CONNETT, JOHN AND JANE DOES 1-10, XYZ CORPORATINS 1-10,** | : | **COMPLAINT, JURY DEMAND and DESIGNATION OF TRIAL COUNSEL** |
| Defendants | : | |

Plaintiff, Geraldine Harvey, by through her attorney and by way of Complaint against the Defendant(s) say:

### INTRODUCTION

1. This is an action for damages sustained by Ms. Geraldine Harvey, a citizen of the United States, against the Federal Aviation Association, ("FAA") who unlawfully applied, permitted, allowed and condoned the discriminative acts which injured Ms. Harvey. Geraldine Harvey is also referred to as "Plaintiff" as she is plaintiff in fact. The Federal Aviation Administration, as the supervisory organization responsible for the conduct of the defendants and

Complaint, Jury Demand,
Designation of Trial Counsel - 1

for the Agency's failure to take corrective action with respect to training, promoting and accommodating personnel whose discriminative propensities were blatant, to assure proper training, supervision and accommodation of the personnel with control over Plaintiff, and/or to implement meaningful procedures to discourage illegal and immoral conduct, against Plaintiff. The Federal Aviation Administration as the employer of the personnel named in this Complaint is sued as a person under 42 U.S.C. § 1983.

2. The action is against Michele Holmes, a supervisor in the Federal Aviation Administration with direct supervisory control over Plaintiff, in that she served as Plaintiff's first-line supervisor, who unlawfully conducted, committed, allowed and condoned the discriminative acts which injured Plaintiff, including but not limited to failing to adequately promote or provide accommodation to Plaintiff.

3. The action is against James Connet, a supervisor in the Federal Aviation Administration with direct supervisory control over Plaintiff, in that he served as Plaintiff's second-line supervisor, who unlawfully conducted, committed, allowed and condoned the discriminative acts which injured Plaintiff, including but not limited to failing to adequately promote or provide accommodation to Plaintiff.

## THE PARTIES

4. Geraldine Harvey was at all times relevant, an employee of the Federal Aviation Administration in Atlantic City, New Jersey. She is an African American Female.

5. The Federal Aviation Administration is an operating mode of the U.S. Department of Transportation. Its Atlantic County, New Jersey division is located at Atlantic City International Airport, Egg Harbor Township, NJ 08405.

6. Michele Holmes was at all times relevant, an employee of the Federal Aviation Administration and first-line supervisor to Plaintiff, in Atlantic City, New Jersey.

7. James Connett was at all times relevant, an employee of the Federal Aviation Administration and second-line supervisor to Plaintiff, in Atlantic City, New Jersey.

8. John and Jane Does (1-10) are supervisors, employees, agents, heirs, assigns and managers of the Federal Aviation Administration who participated in any or all decisions concerning the employment actions regarding Geraldine Harvey as set forth below and as discovery may reveal.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 42 USC § 1983, et. seq. and the supplemental jurisdiction of this Court over state claims. Venue is proper within this District because the unlawful practices complained of in this complaint all occurred within the District of New Jersey.

10. The causes of action alleged, seek to redress the deprivation, under the color of state law, policy and custom, of rights secured by the United States Constitution, the New Jersey Constitution, and the statutory and common laws of the state of New Jersey, and to recover damages, costs, and attorney fees under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1988.

11. The acts, omissions and conspiracies alleged in this complaint were engaged in and carried out by all defendants individually and under color of state law and/or agents, employees and co-conspirators by and through their employees, agents, officials and co-conspirators pursuant to governmental policy, practice, and custom and under color of law.

## FACTUAL ALLEGATIONS

### Harvey's Employment Background and Qualifications

12. Plaintiff is a member of at least five (5) protected EEO classes. Plaintiff is African American, dark-skinned, over the age of forty (40), is disabled, and has engaged in prior protected EEO activity, including requests for a reasonable accommodation.

13. Plaintiff is currently a Management and Program Assistant, 0344 Series, F Band, Audio Visual and Advanced Imaging Technology Department, Atlantic City, Airport, Eastern Service Center, Federal Aviation Administration (FAA), U.S. Department of Transportation (DOT).

14. At all relevant times to the Complaint, Plaintiff's first-line supervisor was Michele Holmes (hereinafter "Holmes") (white (race and color), female, DOB 02/21/1961)), Manager, 0301 Series, K Band, Center Service Liaison and Imaging Technologies Branch, Center of Operations Division, FAA, DOT. Holmes was Plaintiff's first line supervisor from 2011 and continues to be her supervisor to date.

. 15. Holmes is aware of Plaintiff's race, color, sex, age, and disabilities. Holmes became aware of Plaintiff's race, color, sex, and age when she first met Harvey by physical observation.

16. Holmes became aware of Plaintiff's disability status when she became Plaintiff's supervisor and "made a reasonable accommodation for her" after Plaintiff submitted medical documentation as part of a reasonable accommodation request.

17. Holmes became aware of Plaintiff's disabilities in 2011 when Holmes submitted medical documentation as part of a request for a reasonable accommodation.

18. At all relevant times to this Complaint, Plaintiff's second-level supervisor was James Connett (hereinafter "Connett") (white (race and color), male, DOB 07/07/1965)), Division Manager, William J. Hughes Technical Center (WJHTC) Center Operations, 2186 Series, L Band, Next Generation Air Transportation System, WJHTC, FAA, DOT.

19. Connett became aware of Plaintiff's race, color, sex, age, and disabilities during when he first the Alternate Dispute Resolution process of the instant Complaint.

20. Plaintiff has worked for the Agency since November 9, 1987. She started as an Air Traffic Assistant, GS-2154-03 and was hired as a permanent part-time employee. Plaintiff later became a Secretary, 0318 Series, also as a permanent part-time employee. Plaintiff finally became a permanent full-time employee in or around 2008, when she received a position of Management and Program Assistant, GS-0344-07. Plaintiff's position was later converted to the Core Compensation System on or about August 9, 2015, where she became a GS-07 equivalent under E Band.

21. Plaintiff's duties and responsibilities as Management and Program Assistant include, but are not limited to, "supervising or performing management analysis or program analysis work, requiring an in depth knowledge of agency missions and policies, agency programs and activities, management principles and processes, and the analytical and evaluative methods and techniques for assessing program development or execution and improving organizational effectiveness and efficiency." Further, Plaintiff is responsible for performing multiple and varying assignments in support of a professional, technical, or specialized occupation under the limited direction of a manager, project/program manager, team leader, or more experienced employee. Her position description also calls for her to act as a lead for other support staff to coordinate multiple assignments. Plaintiff is also tasked with being the point of contact for customer support, problem resolution, and compiling and distributing reports on program performance.

22. Plaintiff's day-to-day activities include responding to customers' phone calls and handling requests for conference room scheduling, training, and events. Plaintiff handles customer concerns and works with various individuals from the organization. Plaintiff manages a software database of customer reservations and ensures that customers receive all requests necessary for these reservations.

23. Plaintiff has always received high ratings or "fully successful" Performance Reviews as a full-time Management and Program Analyst Assistant.

24. Each year since 2004 and during her performance assessments, Plaintiff has had conversations and exchanged emails with her managers regarding opportunities for promotion. Plaintiff has documented her requests for a promotion since at the latest 2010 when Plaintiff asserted that she would do whatever training she needed to do to get promoted. The Agency previously acknowledged that Plaintiff "vigorously" requested to be promoted. Defendant Holmes became aware of Plaintiff's requests for a promotion, at the latest, in 2012.

25. In or around February 2016, Plaintiff learned from Mary Ann Quinn (hereinafter "Quinn") (Caucasian, female, white, DOB February 7, 1963), Lead Human Resources Specialist, that Plaintiff's position had promotion potential to GS-09 and GS-10, or the equivalent of a G Band.

26. Under the Core Compensation System, managers are able to promote (if higher level work is available) up to the highest level in a particular job category without competition.

27. During the several years of requesting a promotion, Plaintiff was constantly informed by her managers that she could not be promoted due to budgetary concerns. Plaintiff was told there was no budget for promotion and there was a national budget crisis.

28. The Agency admits that two (2) employees, Michael Lamezec (hereinafter "Lamezec") (Caucasian, male, under forty (40) years old, no disabilities, no prior EEO activity) and Robert Williams (hereinafter "Williams") (Asian, male, over forty (40) years old, no disabilities, prior EEO activity), who work for Holmes, received career ladder promotions from

29.     After Plaintiff initiated EEO contact in the instant Complaint on or about March 18, 2016, she was non-competitively promoted from an E Band to F Band on or about May 15, 2016.

30.     The Agency alleges that Plaintiff was promoted in May 2016 because additional duties were provided to her to justify an F Band position.

31.     The Agency maintains that the additional duties provided to Plaintiff came only subsequent to a "metrics and analyses" conducted of the conference room management program. This "analysis" began in or around 2013, or approximately three (3) years prior to Plaintiff's eventual non-competitive promotion.

32.     With regard to this "analysis," Defendant Holmes averred that there had been no F band work available for any employees, not only Plaintiff, and that the Defendant FAA started doing some analysis and identified areas for improvement. Defendant FAA needed an employee to concentrate on capturing particular information and managing that information. Based on an analysis that they did, the position was thus realized.

33.     Defendant Holmes previously testified that a need for an F Band position occurred at the end of 2014. Defendant Holmes testified, however, that the Agency "realized that there were some issues" that needed to be addressed regarding customers' satisfaction usage since 2012.

34.     Meanwhile, numerous other similarly situated employees were promoted to G Band positions under Defendant Holmes' supervision between 2014 and 2016.

**<u>FAA's Promotion Policy</u>**

35. FAA's policies on promotions, career ladder promotions, and even more specifically, the promotion potential of Complainant *vis a vis* other employees who work under the supervision of Defendant Holmes, were set forth by the Agency.

36. Plaintiff is an FAA employee who is under the "Core Compensation System," pursuant to which, there are "pay bands" and "career levels" that replace the traditional General Schedule, and eliminate "within grade increases" and "steps."

37. Under the FAA's Core Compensation System, managers are able to promote with or without competition, but only if higher-level work is available and necessary, the employee is capable of performing the higher-level work, and the organization has the funds to pay for it.

## "Pay Bands," "Job Categories," and Complainant's May 2016 Promotion

38. Plaintiff's position is in occupational series 0344 ("Management and Program Assistant"), which is within the "Administrative Support" job category.

39. The maximum pay band for non-managers, such as Plaintiff, in the Administrative Support job category is pay band "F."

40. On May 16, 2016, Plaintiff was promoted to pay band F (the highest pay band in her job category). Plaintiff was promoted to the highest non-managerial pay band ("F") in her Administrative Support job category. Each job category has three (3) job "levels" (Levels 1, 2, and 3), each one of which corresponds to a pay band. For Plaintiff's "Administrative Support" job category, there are three (3) "levels": Level 1 is a D-band, Level 2 is an E-band, and Level 3 is an F-band. Each of the "levels" in a job category has corresponding descriptions of increasingly complex levels of work associated with each of the levels. If a manager has no "Level 3" work in her organization, then a Level 2 employee cannot be promoted up to the next pay band corresponding with Level 3, even if the employee is performing the Level

Complaint, Jury Demand,
Designation of Trial Counsel - 8

2 work well.

41.     Moreover, according to the FAA Human Resources Policy Manual, "Promotions may only be approved if the higher level work is available and necessary."

42.     Plaintiff stated that in February 2016, she contacted Human Resources and was told that her 0344 series position was eligible for promotion to the GS-9/10 level.

43.     However, despite the existence of positions up to the GS 10 level, Defendants refused to promote Plaintiff to the GS 10 level.

44.     Other employees who were similarly situated to Plaintiff were given promotional opportunities, many of them having been promoted to the GS 14 level.

### The Agency Denied Harvey Reasonable Accommodation

45.     Harvey suffers from numerous documented disabilities, including chronic asthma, heart problems, stenosis of the spine, carpel tunnel syndrome, sciatica, high blood pressure, disabilities, and hyperthyroidism.

46.     From in or around 2008 to 2009, the Agency denied Harvey a reasonable accommodation. Harvey requested redirection of cold air that was blowing directly on her at the time from directly above her. This exacerbated Harvey's disabilities. Harvey provided medical documentation to demonstrate that breathing cold air triggers Harvey's asthma and results in bronchitis. The Agency refused to purchase a heater for Harvey due to alleged cost concerns.

47.     In or around 2012, Harvey was also denied a safe workstation. Harvey was placed in a "bull pen" that did not have a keyboard tray or space for a track ball mouse. At this "bull pen," Harvey did not have a chair that accommodated her spinal stenosis. She was placed in close quarters with two other employees, hindering Harvey's ability to move around when necessary to alleviate her pain.

48. In or around 2015, Harvey's designated parking space, which was handicapped accessible, was revoked. Harvey had this designated space since in or around 2006.

50. Between in or around 2014 to 2017, Harvey was, once again, subjected to a cold workstation. This ventilation issue has persisted and continues to date.

51. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights and in retaliation for having made a claim of discrimination.

52. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

53. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

54. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

55. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

56. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1981, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNTS OF THE COMPLAINT

The above stated actions of defendants constitute the following violations of law:

Count I: Violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000, et. seq., as to defendant Federal Aviation Administration in that Geraldine Harvey was discriminated against due to her race and that any and all actions were motivated in whole or in part by racial animus.

Count II: Violation of the Age Discrimination in Employment Act, 29 USC § 623 et. seq., as to all defendants in that Geraldine Harvey was discriminated against due to her age and that any and all actions were motivated in whole or in part by illegal animus.

Count III: Violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000, et. seq., as to all defendant Federal Aviation Administration in that Geraldine Harvey was retaliated against for making a claim of racial and/or age discrimination.

Count IV: Violation of 42 USC § 1981, et. seq., as to all defendants in that Geraldine Harvey was discriminated against due to her race and that any and all actions were motivated in whole or in part by racial animus.

Count V: Violation of 42 USC § 1981, et. seq., as to all defendants in that Geraldine Harvey was retaliated against due to her complaint of racial discrimination and that any and all actions were motivated in whole or in part by racial animus.

Count VI: Violation of 42 U.S.C. § 1983, against all defendants in that Geraldine Harvey was discriminated against due to her race;

Count VII: Violation of 42 U.S.C. § 12101, et seq. American's with Disabilities Act, against all defendants in that Geraldine Harvey was denied a Reasonable Accommodation for a bona fide and acknowledged disability;

Count VII: Violation of 29 U.S.C. § 791(g), against all defendants in that Geraldine Harvey was denied a Reasonable Accommodation for a bona fide and acknowledged disability.

**WHEREFORE,** Plaintiff Geraldine Harvey prays for judgment against the Defendants, Federal Aviation Administration, Michele Holmes, James Connet, John and Jane Does and XYZ Corporations 1-10, jointly, severally, and/or in the alternative, for:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial.

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

LAW OFFICES OF ROBERT L. TARVER, JR.

By: s/Robert L. Tarver, Jr.
    Robert L. Tarver, Jr., Esq.
    Attorney for Plaintiff

Dated: August 20, 2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

                LAW OFFICES OF ROBERT L. TARVER, JR.

                By: s/Robert L. Tarver, Jr.
                    Robert L. Tarver, Jr., Esq.
                    Attorney for Plaintiff

Dated: August 20, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Robert L. Tarver, Jr., Esq. is hereby designated as Trial Counsel.

                LAW OFFICES OF ROBERT L. TARVER, JR.

                By: s/Robert L. Tarver, Jr
                    Robert L. Tarver, Jr., Esq.
                    Attorney for Plaintiffs

Dated: August 20, 2020

## **CERTIFICATION**

We hereby certify that the foregoing pleading has been filed within the time period set by the applicable Court Rules and extensions thereof.  We hereby certify that we have no knowledge of any other pending actions or proceedings concerning the subject matter of this action.  It is not anticipated at this time that there is any party who should be joined in this action.

        LAW OFFICES OF ROBERT L. TARVER, JR.

        By: s/Robert L. Tarver, Jr._____
            Robert L. Tarver, Jr., Esq.
            Attorney for Plaintiff

Dated: August 20, 2020